**CITY OF NORWOOD, OHIO, Petitioner,**

v.

**Patricia HARRIS, Secretary of Housing and Urban Development, Respondent.**

**No. 79–3110.**

United States Court of Appeals, Sixth Circuit.

Argued March 9, 1982.

Decided July 12, 1982.

Robert G. Kelly, City Law Director-Norwood, Ohio, Daniel Mulholland, Norwood, Ohio, for petitioner.

Edward W. Norton, Acting Gen. Counsel, Dept. of Housing & Urban Dev., Robert E. Kopp, Appellate Section—Civ. Div., U. S. Dept. of Justice, Mark Mutterperl, Morton Hollander, Susan Chalker, Marilyn Urwitz, Washington, D. C., for respondent.

Before KENNEDY, Circuit Judge, BROWN,* Senior Circuit Judge, and BALLANTINE,** District Judge.

---

* Circuit Judge Brown retired from regular active service under the provisions of 28 U.S.C. § 371(b) on June 16, 1982, and became a Senior Circuit Judge.

** Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation.

PER CURIAM.

The City of Norwood, Ohio has petitioned this Court for direct initial review of a decision of the Secretary of Housing and Urban Development made pursuant to 42 U.S.C.A. § 5304(d), 24 C.F.R. §§ 570.-910(b), .911(b), reducing the amount of the Community Development Block Grant which had been conditionally awarded to Norwood for the 1978 program year to zero after determining that Norwood had failed to comply with a condition precedent relating to its fair housing commitment.

Respondent filed a motion to dismiss the appeal for lack of jurisdiction which was denied by a motions panel on August 10, 1979. The motions panel found judicial review of the 42 U.S.C.A. § 5304(d) decision to be appropriate under then effective 24 C.F.R. § 570.913(*o*)(1) (Fed.Reg. 24693, June 9, 1975, as amended at 42 Fed.Reg. 5315, Jan. 27, 1977) (repealed Nov. 15, 1979). Repealed 24 C.F.R. § 570.913(*o*)(1) provided in pertinent part that: "[a]ctions taken under administrative proceedings pursuant to this *subpart* [subpart O included §§ 570.910(b) and .911(b)] shall be subject to judicial review [in the United States Court of Appeals] pursuant to Section 111(c) of the Act [42 U.S.C.A. § 5311(c)]." (emphasis added).

Subsequent to the motions panel's order this regulation was amended to provide in pertinent part that: "[a]ctions taken under administrative proceedings pursuant to this *section* [§ 570.913] shall be subject to judicial review [in the United States Court of Appeals] pursuant to Section 111(c) of the Act [42 U.S.C.A. § 5311(c)]." (emphasis added). 24 C.F.R. § 570.913(*o*)(1) (1981), effective date Nov. 15, 1979, 44 Fed.Reg. 65951.

 The Secretary's decision to reduce the amount of the plaintiff's conditional award for the 1978 program year to zero under 24 C.F.R. §§ 570.910(b), .911(b), is not one of the actions presently enumerated in 24 C.F.R. § 570.913(*o*)(1) (1981) (Secretarial referral to Attorney General, Secretarial action on payment). Accordingly, 24 C.F.R. § 570.913(*o*) (1981) does not confer jurisdic-tion upon this Court to review the Secretary's determination under 42 U.S.C.A. § 5304(d), 24 C.F.R. §§ 570.910(b), .911(b). Judicial review of this reduction in Norwood's conditional award is in the first instance properly before the appropriate United States District Court because neither the statute nor the regulations provide for review of such determinations by the administrative agency. 5 U.S.C. §§ 703, 704. *Compare* 42 U.S.C.A. § 5311(a) (remedies for noncompliance with requirements under unconditional awards; forum for review; proceedings by Attorney General-District Court; proceedings by Secretary-administrative hearing); 24 C.F.R. § 570.-913 (1981). It further appears that this case is presently ripe for review in the appropriate United States District Court because the Secretary's decision to reduce the conditional award is a final decision and a full panoply of post-approval corrective and remedial measures has been attempted by the Secretary.

We do not have to decide whether a hearing panel of this Court has the power to reverse or modify a pre-hearing jurisdictional determination made by a motions panel. *Compare Association of Investment Brokers v. SEC*, 676 F.2d 857 at 863 (D.C. Cir. May 7, 1982). All members of the motions panel have agreed to allow their previous order to be withdrawn and permit this panel to decide the jurisdictional issue in light of the change in the regulations that occurred subsequent to the motions panel's determination.

Accordingly, Norwood's petition for review is dismissed for lack of jurisdiction.